IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL HIMMELSTEIN, )<br>)<br>Defendant. ) | Criminal Action No. 05-53-SLR |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the Defendant, Paul Himmelstein, by and through his attorney, Joe Hurley, Esquire, the following agreement is hereby entered into by the respective parties:

1. The Defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges Embezzlement of Union Assets, in violation of 29 U.S.C. § 501(c), which carries a maximum sentence of a term of imprisonment of five years, a fine of $250,000, or both, three years supervised release, $100.00 special assessment, and restitution. The Defendant understands that he will be barred from holding union office for thirteen years. 29 U.S.C. § 504.

2. The Defendant agrees that the loss to Branch 1997 as a result of the conduct that is part of the indictment was $34,683.20, and that he put $2,200 back in the Branch's account on February 26, 2002. The parties thus agree that the total amount of restitution still owed is

$32,483.20. The Defendant agrees that restitution in that amount should be ordered at sentencing, and that he will pay that amount at or before sentencing.

3. The Defendant understands that the elements of the offense to which he is pleading guilty are: (1) That the Defendant embezzled, stole, or unlawfully abstracted or converted to his own use union property or assets; (2) that the Defendant was an officer or employed by the union; (3) the union is a labor organization within the meaning of the statute; and (4) the Defendant acted knowingly, willfully and unlawfully.

4. The Defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The Defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Government agrees to recommend a two point reduction for acceptance of responsibility, assuming that the Defendant does not do anything inconsistent with acceptance of responsibility subsequent to the entry of the guilty plea. The Defendant understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The Defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

5. The Defendant agrees to pay the $100 special assessment the day of sentencing.

6. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                          COLM F. CONNOLLY  
                                          United States Attorney

_____     By:_____  
Joe Hurley, Esquire                                 Richard G. Andrews  
Attorney for Defendant                         First Assistant United States Attorney

_____  
Paul Himmelstein  
Defendant

Dated:

      **AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
HONORABLE SUE L. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE