IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | ) Cr.A. No. 05-053-SLR |
| | ) |
| PAUL A. HIMMELSTEIN, | ) |
| | ) |
| Defendant. | ) |

<u>MOTION TO RESCHEDULE SENTENCING</u>

COMES NOW the defendant, above, by and through counsel, Joe Hurley, who moves to continue the sentencing scheduled for 4:30 p.m. on November 29, 2005. In support of such application, defense counsel represents:

1. At the scheduling conference, previously held, defense counsel referred to his calendar when the Court suggested November 29th as a sentencing date. Defense counsel noted that there was an entry in his calendar for 9:00 a.m. in the form of a notation indicating that "Wilson" was scheduled in Court. By way of background, defense counsel, at the time of the scheduling conference, and at all times up through November 28th, represented two separate clients with the surname of "Wilson". Wilson No. 1 is charged with motor vehicle offenses and which counsel expected to resolve without trial. Indeed, that is exactly what happened with regard to the case of Wilson No. 1. Wilson No. 2 is charged with multiple counts of Rape and was most certainly going to trial.

Regrettably, counsel, when viewing the name "Wilson" scheduled for the morning of November 29th, concluded that it was Wilson No. 1 whose Court date was noted and agreed with the scheduling of the Himmelstein matter at 4:30 p.m. on November 29th.

    2.  Last week, and for the first time, defense counsel became aware of the mistake of fact he had made.  In fact, defense counsel is scheduled to participate in the rape trial of what is now characterized as Wilson No. 2 and which is scheduled to begin, by jury, in Sussex County, on the morning of November 29th.

    3.  Because of logistical issues, counsel cannot fully discharge his obligation to the Superior Court in Sussex County and to this Court.  Without, in any way, suggesting that the Superior Court's "business" is more important than this Court's "business", counsel faces the judicial reluctance, no matter what Court is involved, to inconvenience jury members.  Consequently, and without, in any way, ignoring the inconvenience to all persons concerned in the Himmelstein matter, including the additional anxiety foisted upon the hapless defendant, counsel makes this request.

    4.  The specific request is posited in an alternative format.  If the Court were inclined to schedule the sentencing at 5:30 p.m., counsel should be able to obtain leave of the Court, in Sussex County, to adjourn at 4:00 p.m. and which would allow counsel to participate in the sentencing on today's date.  Alternatively, if that is not convenient to the Court or Government counsel, counsel

would request that the matter be rescheduled until a subsequent date convenient to the Court. If that were the case, other than a time frame of two hours on December 7th between 10:00 a.m. and noon, counsel would make whatever adjustments are necessary in his schedule to accommodate a rescheduling date up through December 19th when he departs the state for vacation.

_____
Joe Hurley
1215 King Street
Wilmington, DE 19801
(302) 658-8980

Dated: December 29, 2005